

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2004

# Muschar v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Muschar v. Comm Social Security" (2004). *2004 Decisions.* Paper 92.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/92

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1675

KENNETH J. MUSCHAR,
                                          Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-00441)
District Judge:  Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
November 29, 2004

Before:  RENDELL, ALDISERT and MAGILL*, Circuit Judges

(Filed: December 8, 2004)

OPINION OF THE COURT

---

\* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

RENDELL, <u>Circuit Judge</u>.

Kenneth J. Muschar seeks review of the District Court's determination that the Administrative Law Judge's ("ALJ") ruling was supported by substantial evidence when she found Muschar was not disabled in accordance with the Social Security Act. Muschar's employment history includes employment as an automotive parts worker, a parking attendant, and a computer entry worker. He alleges that his disability began on October 10, 1986, while working as an automotive parts worker. On that day, he experienced a pulling sensation in his chest when lifting and carrying a piece of equipment at work, which was later diagnosed as arising from chronic costochondritis – an inflammation of the cartilage and rib of the chest.

I.

Our role as a reviewing court is limited to determining whether the Commissioner's decision is supported by substantial evidence which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999).

II.

The ALJ found the conclusion of Muschar's treating physician, Dr. Mathew, that Muschar was totally disabled, was not supported by clinical findings. Dr. Mathew's own

2

assessments of Muschar failed to reveal any signs of clinical atrophy or weakness. While Muschar suffers from chronic pain with periodic exacerbations, his pain is manageable when treated with Ibuprofen. Similarly, other evaluations provided by the State Agency evaluators and the Harmarville Center (where Muschar sought treatment for his injuries) concluded that Muschar could perform a wide range of sedentary jobs. This conclusion was further supported by evidence of Muschar's ongoing personal activities, which included regularly carrying groceries, driving his wife to work every day, and doing a range of household chores. The ALJ concluded that Muschar's physical condition, while severe, did not prevent Muschar from performing sedentary work.

In addition to his physical condition, Muschar complained of major depression which further exacerbates his injury. Muschar has undergone psychiatric care for this condition from Dr. Rye, a treating psychiatrist. Dr. Rye's assessment that Muschar was totally disabled, however, was based upon physical symptoms which were beyond the scope of Muschar's psychiatric treatment. While Dr. Rye concluded that Muschar had some difficulties with social functioning, the ALJ concluded that Muschar was not significantly impaired with respect to his ability to maintain the activities of daily living and to relate to others on an effective basis. Due to Muschar's difficulties, however, he should avoid jobs involving detailed instructions, complex instructions, and extensive dealings with the public.

The ALJ concluded that Muschar's physical and mental condition prohibited him

from returning to the exertional and non-exertional duties of his former job, or any of his "past relevant work."[1]  The ALJ then placed the burden on the Social Security Administration ("SSA") to show that there are other jobs existing in significant numbers in the national economy that Muschar could perform, consistent with his diminished abilities, age, education, and work experience.   Based on the testimony of a Vocational Expert ("VE"), the ALJ concluded that Muschar was able to make a successful adjustment to work that exists in significant numbers in the national economy, consistent with his background and residual functioning capacity and, therefore, not disabled.

III.

The District Court affirmed the ALJ's ruling, noting that the ALJ's determination regarding Muschar's ability to perform a significant number of jobs available in the national economy was supported by substantial evidence.  The District Court addressed each of Muschar's contentions.  They were: (1) the testimony of the VE proves Muschar is totally disabled; (2) the ALJ did not give appropriate weight to Dr. Mathew's assessments of Muschar's disability; (3) the ALJ erred in concluding there are sufficient jobs in the national economy since the VE's testimony preceded a downturn in the national economy and there are a small number of jobs available at the local level; and

---

[1]     "Past relevant work" is defined under 20 C.F.R. § 404.1545 as work performed in the past 15 years or 15 years prior to the date that the disability is established which lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity.

(4) the affidavit submitted by Muschar in support of his motion for summary judgment supports his claim of total disability.

The District Court considered all of these contentions and analyzed them thoroughly in a twenty-page memorandum opinion and order. Muschar raises these same issues on appeal. After a thorough review of the record, and giving due consideration to the briefs filed in this appeal, we find that the District Court opinion sets forth the proper reasoning with respect to each of these issues. Accordingly, we will not restate the analysis here but, instead, incorporate by reference the memorandum opinion and order of the District Court in this matter.

IV.

Accordingly, we will AFFIRM the District Court's order.

5